In the Matter of the BANK OF THE UNITED STATES, in Liquidation. BAYOU INTERESTS, INC., Appellant. GARCENT CORPORATION et al., Respondents.

Argued March 2, 1943; decided April 15, 1943.

*Jacob L. Holtzmann, Henry Cohen* and *Lucille F. Bekaert* for appellant.

*Henry L. Bayles* and *Carl J. Austrian* for Superintendent of Banks.

*Edward Lazansky, Joseph Glass* and *Leslie Kirsch* for Garcent Corporation, respondent.

LEHMAN, Ch. J.   The Superintendent of Banks is in possession of the business and property of Bank of United States for the purpose of liquidating its affairs in accordance with the provisions of the Banking Law.   Among the assets of the bank are bonds and stocks of Garment Center Capitol, Inc.   The Superin-

tendent of Banks applied to the court for an order approving acceptance of an offer which had been made by the appellant Bayou Interests, Inc., for the purchase of these securities. Upon the hearing of the petition the court indicated that it would not approve that application but would be willing to make an order approving the acceptance of a later offer by the respondent Garcent Corp. for the same securities at a higher price. The Superintendent of Banks then reluctantly filed a petition for the approval of that offer. The court granted that petition, and an order was entered denying the petition of the Superintendent of Banks for an order approving the acceptance of the offer of Bayou Interests, Inc. and granting the petition for an order approving the acceptance of the offer of Garcent Corp. The order was unanimously affirmed by the Appellate Division and by permission of this court, Bayou Interests, Inc. has appealed from the order of the Appellate Division.

Garment Center Capitol Inc. is the " fee owner " of certain improved real property in the city of New York. The securities owned by Bank of United States represent a very substantial share of the equity of the corporation in three mercantile buildings. The Superintendent of Banks determined that better prices for securities of that type can be obtained by private sale than by public auction. Appraisers retained by the Superintendent had valued the securities at $750,000. The Superintendent sought to obtain offers for the securities from investors who might be interested. The attorney for the Superintendent talked to representatives of prospective buyers. All were told that the Superintendent expected to obtain $750,000 for the securities and were urged to bid more than that amount. They were told also that he expected bidders to make their best offer, " because no further opportunity to make a bid would be afforded by the Superintendent." They were informed further that no bid received from one prospective bidder would be disclosed to any other bidder. The attorney representing a group of investors who for convenience intended to bid upon the property in the name of Garcent Corp. expressed approval of the procedure adopted by the Superintendent of Banks, but stated that his clients did not consider the securities worth $750,000. He made an offer in writing of $650,000 for the securities. Bayou Interests, Inc. was induced to submit a bid of $751,501 for the securities. Since that was far the highest bid received, the

Superintendent of Banks informed Bayou Interests, Inc. that its offer was acceptable and thereupon the Superintendent asked the court to approve the offer.

While the Superintendent's petition was pending before the court the attorney representing Garcent Corp. sent a letter to the court stating that after the bid of Garcent Corp. had been rejected, " I have since Monday reviewed the matter with clients of mine who are willing to bid very substantially more than $650,000, and the amount of such bid may be substantially higher than the bid now recommended by the Superintendent of Banks for your approval." Upon receipt of that letter the court stated to the Superintendent that it would hold public hearings upon his petition for approval of the sale of the securities. The hearings were held. Notice was given by the Superintendent to all prospective bidders who had shown any interest in the purchase of the securities. The court solicited higher offers from all, and in effect held an auction which resulted in Garcent Corp. submitting an offer which is a little higher than the offer previously made by Bayou Interests, Inc. The Superintendent of Banks at all times urged that the offer of Bayou Interests, Inc. should be accepted, since the price offered was adequate and was the highest bid that could be obtained in accordance with the procedure which the Superintendent of Banks had adopted. Since the court indicated that it would not approve a sale at a price lower than the bid thereafter made by Garcent Corp., the Superintendent felt bound to ask approval of that bid.

Though the Superintendent of Banks could not appeal from an order made upon his application, he has indicated to the court upon this appeal that in his opinion the order is ill-advised. He urges that the responsibility of selling at the highest price which can be obtained for the assets of a bank rests upon the Superintendent of Banks; that experience has shown that the procedure best calculated to obtain the highest offer is the procedure which he adopted, and by which he obtained a bid of over $750,000 from Bayou Interests, Inc. though the next bid was for $650,000; that it will be impossible for the Superintendent of Banks hereafter to use that procedure successfully if the court is free to withhold approval of a sale upon a bid so obtained and for an adequate amount. The court in rejecting the petition of the Superintendent for approval of a sale to

Bayou Interests, Inc. did not indicate that in its opinion the Superintendent acted unreasonably in recommending that the bid of Bayou Interests, Inc. should be accepted. Indeed, no possible argument could be made that the Superintendent acted unreasonably. The bid was concededly the highest bid which had been received upon a sale conducted fairly and in accordance with a procedure devised by the Superintendent because in his opinion the best price for the securities could be obtained upon a sale so conducted. If the court has no power except to review the exercise of a discretionary power conferred by the Legislature upon an administrative officer, forcible argument could be made that the court has exceeded its power.

In truth, however, the power conferred by the Legislature upon the court is far greater. The Superintendent is authorized to sell, or dispose of, the assets of the bank only " upon an order of the Supreme Court." (Banking Law, § 618.) In making such an order the function of the court is not confined to review of a determination previously made by the Superintendent in the exercise of an administrative discretion vested in him. The court exercises its own discretion, and since the Appellate Division has affirmed the order of the court, we have no power to review the exercise of that discretion.

We point out also that the decision of the courts below will not necessarily leave the Superintendent of Banks without power to make sales of securities in accordance with the procedure deemed fairest and most advantageous by him. If the Superintendent, before asking bids at private sale, applies to the court for approval of the procedure deemed best by the Superintendent, and if the court in the exercise of its discretion determines that the sale should be so conducted, prospective bidders can submit their offers with reasonable certainty that in the absence of unusual circumstances, a bid for an adequate amount obtained upon a sale so conducted will be accepted and approved. (See *Matter of National Surety Co.,* 248 App. Div. 111, affd. 272 N. Y. 613.)

The order should be affirmed with costs. (See 290 N. Y. 765.)

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.